**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gerard M. Dunne, Ronald S. Murphy, Dion L. Walker, Margaret Manning, Lisa Brown, Ronald Carbonneau, Tommy Carmichael, Adonis Coble, Christopher Danzi, Kenneth Eisenhutch, Thomas Hall, Jeffrey Houseman, Grady Lofton, Kyle Martin, Thomas Maxwell, Ryan Parish, David Riestor, Luis Rivera, William Salisbury, Chea Sharrett, Leo Sperduti, Nathaniel Stevenson, John Stover, Julie Switzer, Robin Wright,<br><br>      Plaintiffs,<br><br>vs.<br><br>E. I. Du Pont De Nemours and Co.,<br><br>      Defendant. | Case No. 1:17-cv-00659 |

**Plaintiffs' Opposition to Defendant's Motion to Transfer**

**I.     Introduction**

Plaintiffs, through their undersigned counsel, hereby submit this memorandum in opposition to Defendant's Motion to Transfer (Doc. No. 11). For the reasons set forth below, plaintiffs respectfully request that defendant's motion to transfer be denied.

The plaintiffs in the instant case have brought two claims:  1) individual claims under the Fair Labor Standards Act ("FLSA") and 2) a claim as a Rule 23 class action, under the New York Labor Law. Defendant does not dispute that plaintiffs are free to pursue their individual FLSA claims in the forum of their choice and defendant has no opposition to the plaintiffs pursuing their individual FLSA claims in this forum. *See* Doc. 11 at fn. 3. Still, defendant seeks to transfer this case under a "first-to-file" argument, hoping to litigate in what defendant

perceives to be favorable forum, the Eastern District of Texas, despite the fact that plaintiffs have no contacts or connection to the forum. In doing so, it makes assertions that contradict its assertions in the Eastern District of Texas, where it had previously described the Texas plaintiff's claims as uncharacteristic of other DuPont employees, and the policies and practices at the plant where he worked as uncharacteristic of DuPont's other plants. In essence, DuPont is forum shopping. Declaration of Gregory McGillivary ("McGillivary Decl."), ¶ 7, citing Opp. to Motion to Certify a Collective Action, *Chance v. E. I. Du Pont De Nemours and Company*, Case No. 1:16-cv-00376, Doc. 17 (E.D. Tex., June 7, 2017). The Court should not permit DuPont to do so, as it will deprive plaintiffs of the forum of their choice, which is where they reside, where they work, and where the operative events giving rise to their claim took place.

Plaintiffs' class action, which seeks to recover unpaid and late paid overtime pursuant to New York Labor Law, does not overlap with the putative FLSA collective action in the Eastern District of Texas, *Chance v. E.I. Du Pont de Nemours & Co*., 1:16-cv-00376-MAC (September 2, 2016, E.D. Tex.) ("*Chance*"). While there certainly is a similar defendant between the instant case and the *Chance* case, the claims do not overlap; none of the plaintiffs have filed consents to join the *Chance* case, or the *Cook* case that was recently transferred to the Eastern District of Texas. *See* McGillivary Decl., ¶ 5, *Cook et. al v. E.I. Du Pont de Nemours & Co*., Case No. 3:17-cv-00909, Doc. No. 51 (M.D. Tenn, August 3, 2017). The instant case is not like either the *Chance* case or the *Cook* case, in which plaintiffs seek to certify a nationwide FLSA collective action. Rather, plaintiffs assert their own individual FLSA claims, and assert violations of New York Labor Law on behalf of a class of New York plaintiffs.

In addition, even if the Court determines that there is sufficient similarity such that a first-filed analysis might apply, the "balance of the conveniences" exception to the first-filed analysis

demonstrates that transfer is not appropriate. For these foregoing and following reasons, DuPont's motion should be denied.

## II. Legal Argument

### a. The Two Lawsuits are Not Substantially Similar Because the Parties' Are Different and the Plaintiffs Have Alleged Different Claims Under NYLL

Cases need only be transferred where they are "competing." "Two cases compete when identical or substantially similar parties and claims are present in both courts." *Lloyd v. J.P. Morgan Chase & Co.*, 2012 BL 207673, *1 (S.D.N.Y. 2012). Courts have held that this analysis "is not to be applied mechanically, but is intended to aid judicial administration by acting as a 'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001). Here, the Western District of New York is clearly the more logical forum to proceed with this matter, as the plaintiffs all work and reside in this district, all operative facts took place in the district, and the plaintiffs class claims stem from DuPont's violation of New York Labor Law.

#### i. The plaintiffs in this case assert individual FLSA claims and state law class claims, and are not substantially similar to the putative nationwide class in *Chance*.

The parties are not substantially similar because plaintiffs do not seek to certify a nationwide FLSA collective action. Defendant's contention is that the *Dunne* plaintiffs' Rule 23 opt-out class action under New York Labor Law overlaps with a putative FLSA opt-in collective action brought by a single plaintiff in the Eastern District of Texas. The single plaintiff in *Chance* has not asserted any state law claims. *See* McGillivary Decl., ¶ 6; *Chance*, Third Amended Complaint, Doc. No. 31; *cf. Wilkie v. Gentiva Health Servs., Inc.*, 2010 BL 215991, *4-5 (E.D. Cal., Sept. 16, 2010) (finding California state law claims dissimilar from FLSA claims and New York and North Carolina state claims). There is therefore no substantial

similarity here, given the differences between New York Labor Law and the FLSA, and importantly, defendant's own characterization of the plaintiff in *Chance* as unique and not representative of other DuPont employees.

In *Chance*, defendant has taken the care to differentiate and distinguish the plaintiff and the plant where he works from the remainder of defendant's plants and employees. Yet here, defendant asserts that the *Chance* plaintiff is substantially similar to the plaintiffs in this case. Both cannot be true, especially given the ways that defendant previously distinguished the *Chance* plaintiff. First, defendant asserted that the *Chance* plaintiff provided "no proof that he is similarly situated to the putative collective members" at other DuPont plants. Decl. of Gregory McGillivary, ¶ 7; *Chance*, Doc. 37 at p. 15. Second, defendant argued that there were no facts to show that the overtime policies and practices at the SRW facility in Texas was the same at DuPont's other facilities. *See id*. at p. 2. Defendant's argument now, that the putative collective action in *Chance* is substantially similar to the putative Rule 23 class here, is therefore contradicted by its own previous assertions.

The cases that defendant cites for the proposition that state law claims are duplicative of FLSA collection actions, and are therefore treated as later-filed actions in a first-filed analysis, are distinguishable. The *Mazzatini* and *Michel* cases involved plaintiffs who opted in to an FLSA collective action in a first-filed case, and who later filed separate state law claims in a second-filed case. *See Mazzatini v. Rite Aid Corp*., 829 F. Supp. 2d 9, 10 (D. Mass. 2011); *Michel v. Petco Animal Supplies Stores, Inc*., 2017 U.S. Dist. LEXIS 75892, *6-7 (E.D.N.Y. May 18, 2017). In contrast, no plaintiff in the *Dunne* case has opted in to another FLSA collective action, and each *Dunne* plaintiff is pursuing his or her own individual FLSA claim in the instant action.

Other cases that defendant cites involve dueling nationwide FLSA collective actions. *See, e.g., Troche v. Bimbo Foods Bakeries Distrib.*, No. 11-CV-234, 2011 U.S. Dist. LEXIS 90738 (W.D.N.C. Aug. 12, 2011); *Tillery v. Higman Barge Lines, Inc.*, No. 14-CV-40, 2014 U.S. Dist. LEXIS 59042 (S.D. Tex. Apr. 29, 2014). As previously discussed, this case is not an FLSA collective action. Defendant's recitation of cases regarding "non-overlapping state law claims in the second case" are also unavailing for the same reason; the state law claims here are not additional. Rather, they are distinct from the putative FLSA collection action in *Chance*.

As one district court in this circuit noted, "[c]ourts that transfer wage and hour actions under the first-filed rule generally do so when the collective identified in a state-law based second-filed action falls within the scope of a nationwide FLSA collective asserted in the first filed action." *Lloyd*, 2012 BL 207673, *2. Here, the plaintiffs' state law class does not fall within the scope of the putative nationwide FLSA collective.

First, there has not been any certification of a nationwide FLSA collective in *Chance*; indeed, the *Chance* court previously denied the plaintiff's motion for class certification.[1] *See* McGillivary Decl., ¶ 9, *Chance*, Doc. 28.

Second, the *Dunne* plaintiffs seek to recover up to six years of damages under the New York Labor Law, as New York state law provides for a statute of limitations significantly longer than the maximum of three years available under the FLSA for a willful violation of the FLSA.

---

[1] Defendant has cited to cases where courts ruled in favor of first-filed cases that were in an "advanced" stage of litigation, but defendant fails to mention that after almost one year of litigation, the *Chance* case has barely progressed, such that an initial motion for conditional class certification was denied, and a second motion to certify a class, after minimal discovery, is only now fully briefed and pending before the court. *Cf. Castillo v. Taco Bell of America, LLC*, 960 F. Supp. 2d 401, 404-405 (E.D.N.Y. 2013) (the "advanced" progress of the case included approved conditional class certification and notices being mailed out, and plaintiff only filed the suit in the Eastern District of New York after missing the opt-in deadline).

5

*See* N.Y. Lab. L. 198; 29 U.S.C. 255(a). *See also*, McGillivary Decl., ¶ 7, *Chance*, Doc. 37 at 9 (DuPont's response to motion to certify collective action, characterizing the potential relief as a third year of unpaid overtime and for liquidated damages on the third year and amounts that DuPont paid for two years of exposure). There are therefore putative members of this Rule 23 class action who are entirely ineligible to join the putative collective action asserted in *Chance* because their recovery period is not within the three-year FLSA period, but is within the six-year statute of limitations under the New York Labor Law.

Similarly, the plaintiff in *Chance* is a current employee of defendant, and by defendant's own admission, received some amount of back payments to account for improperly calculated overtime. McGillivary Decl., ¶ 7, *Chance*, Doc. 37 at 4 (stating that there is no dispute that DuPont made back payments, including to Chance). Chance is therefore not substantially similar to retired employees who are putative Rule 23 class members, as those individuals have alleged that they did not receive any such back payments. *See* Complaint, Doc. 1 at ¶ 34.

> ii. **The plaintiffs' claims are not substantially similar because they have three additional years of recovery and New York labor law is different from the FLSA.**

Plaintiffs' claims are not substantially similar to the plaintiff's claims in *Chance*. Defendant will likely assert different arguments and defenses against plaintiffs' New York state law claims. In *Chance*, defendant has argued that the single plaintiff has little to no damages because of various offsets of damages or credits that defendant asserts it is entitled to take under the FLSA. *See* McGillivary Decl., ¶ 7, *Chance,* Doc. 37 at 19-20. There is no indication that such an analysis would be applicable to the *Dunne* plaintiffs or the class they seek to represent, particularly because the plaintiffs here have up to six years of recovery under New York Labor

Law. As a result, arguments that may be dispositive in the *Chance* case may not be dispositive of the plaintiffs' claims here, so the claims are not substantially similar.

New York Labor Law also differs in several respects from the FLSA, including imposing more stringent record-keeping requirements on employers, which in turn could give rise to certain presumptions if adequate records were not maintained. *See* N.Y. Lab. L. 195 and 196-a. New York Labor Law also has other clear substantive differences, including a "spread of hours" minimum wage law for employees whose shifts exceed ten hours. *See* 12 N.Y.C.R.R. 142.24 (spread of hours). Because the Rule 23 class is different from the putative FLSA nationwide collective, transfer under a first-filed analysis is inappropriate. *See, e.g., Wilkie v. Gentiva Health Servs., Inc.*, 2010 BL 215991 (E.D. Cal., Sept. 16, 2010) (denying transfer when the first-filed action did not assert the same state law claims of a second filed action that asserted both FLSA and state law claims, and finding that the claims did not overlap because California labor law is different from the FLSA).

### b. Equitable Considerations Prevent Transfer

Even if the Court determined that the parties and claims are substantially similar and are thus "competing," there are two significant equitable reasons preventing transfer: "(1) the 'balance of convenience' favors the second-filed action," and "(2) 'special circumstances' warrant giving priority to the second suit." *Emplrs. Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (citations omitted). Plaintiffs respectfully submit that the Court should not transfer the case to the Eastern District of Texas under the "first-filed" analysis because the balance of conveniences favors keeping the instant action in this forum.

The factors the court considers when determining the balance of convenience are:

1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4)

7

> the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Emplrs. Ins.*, 522 F.3d at 275 (*citing D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). Weighing the balance of convenience under the first-filed rule involves consideration of the same factors that apply to the determination of whether transfer is appropriate under 28 U.S.C. § 1404(a). *Id. See also Citigroup* 97 F.Supp.2d 549 at 560 (determining that since the factors are the same, their analysis resolves both the first-filed rule and the transfer issues).

### i. Plaintiffs' choice of forum is the Western District of New York.

In performing the "balance of convenience" analysis, the Court must give due deference to plaintiffs' choice of forum, which "should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum" *Air-Flo M.G. Co., Inc. v. Louis Berkman Co.*, 933 F. Supp. 229, 233 (W.D.N.Y. 1996). Courts generally give "[a] plaintiff's choice of forum . . . considerable weight . . . unless other factors weigh strongly in favor of transfer." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 333 (E.D.N.Y. 2006). The only instance where such weight is not granted is where "the operative facts have 'little or no connection with the transferor forum . . . or when the plaintiff does not reside in his chosen forum." *Id*. (internal citations omitted). That is not the case here.

Here, plaintiffs are the aggrieved party, and their choice of forum should be afforded considerable weight. As further detailed below, the operative facts took place in the Western District of New York, the plaintiffs reside in the district, evidentiary concerns favor maintaining the action in this district, and plaintiffs seek to recover under New York Labor Law. The

connections to this forum are ample, and because the other factors do not weigh strongly in favor of transfer, plaintiffs' choice of forum deserves significant weight and deference.

On the other hand, plaintiffs' suit bears ***no connection*** to the Eastern District of Texas. The plaintiffs have no connection with the DuPont plant in Texas, or the plaintiff in the *Chance* case. Plaintiffs have asserted individual FLSA claims in the instant case, and as defendant acknowledges, plaintiffs have every right to bring individual FLSA claims in the forum of their choice. *See* Doc. 11 at fn. 3.

Why then, does defendant want to transfer the instant case to the Eastern District of Texas, when that district has no connections with this case? The only reasonable answer is that defendant thinks that, because it defeated the single plaintiff in *Chance*'s first attempt to conditionally certify a nationwide class, the instant matter may be more likely to progress in its favor in the Eastern District of Texas. In other words, defendant is engaging in forum shopping.

> ii. **Location of witnesses and convenience of parties favors proceeding in this forum as the witnesses are located in the Western District of New York, and it would be extremely inconvenient to plaintiffs to litigate this case in Texas.**

"The convenience of parties and witnesses is generally the most important factor in a court's determination of whether to grant a motion for transfer." *Merkur v. Wyndham Int'l, Inc.*, 2001 U.S. Dist. LEXIS 4642, at *9 (E.D.N.Y. 2001). The court has explained that, "it is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony." *Id*. at *10.

In this case, the plaintiffs reside in the Western District of New York. To the extent defendant's corporate representatives do not live in the Western District of New York, the convenience and location factors favor the instant forum because they probably do not reside in the Eastern District of Texas. The Western District of New York is closer to defendant's

corporate headquarters in Delaware than the Eastern District of Texas. Buffalo, New York is 397 miles from Wilmington, Delaware, whereas Beaumont, Texas is 1,434 miles from Wilmington, Delaware. *See* McGillivary Decl., ¶ 11.

Being forced to litigate this case in the Eastern District of Texas would be extremely inconvenient to the plaintiffs. The Eastern District of Texas in Beaumont is 1,476 miles away from Buffalo, New York, where most of the plaintiffs reside. *See* McGillivary Decl., ¶ 12. The cheapest round-trip plane ticket is at least $340, and the quickest (and much more expensive) trip from Buffalo to Beaumont takes approximately 8 hours due to two or more layovers. *See* McGillivary Decl., ¶ 13. There are no non-stop flights between Buffalo and Beaumont, and nor are there flights with only one layover. *Id.*

In sum, the factors relating to the location of witnesses and convenience of the parties weighs heavily for the plaintiffs, and against transfer.

### iii. Based on defendant's assertions in the *Chance* case, there may be relevant documents in this district.

Courts have consistently held that "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents, . . . this factor is not entitled to significant weight." *Mohsen v. Morgan Stanley & Co.*, 2013 U.S. Dist. LEXIS 135682, at *18 (S.D.N.Y. 2013); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 57 (S.D.N.Y. 2001) ("the location of documents . . . is neutral in today's era of photocopying, fax machines and Federal Express").

To the extent that is the Court gives this factor weight, however, the factor favors plaintiffs. Defendant argued in *Chance* that each individual DuPont plant may have its own policies and practices. *See* McGillivary Decl., Doc. 37 at pp. 19-20 (claiming that "each facility operated under its own unique policies and practices."). To the extent any facility had written

10

rules or policies, the Western District of New York is the most convenient forum for the case, as the plaintiffs worked at DuPont's Yerkes Plant in Buffalo, New York.

### iv. The operative events took place in the Western District of New York.

In determining "where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Mohsen*, 2013 U.S. Dist. LEXIS 135682, at *19 (internal citations omitted). Moreover, "[i]n cases involving economic harm, [the] place [where injury is sustained] is normally the state of plaintiff's residence." *Mohsen*, 2013 U.S. Dist. LEXIS 135682, at *21-22. Again, plaintiffs here suffered the harm in this district, not the Eastern District of Texas, because they work or worked at DuPont's Yerkes Plant in Buffalo, New York. To plaintiffs' knowledge, none of the facts or events relating to the putative Rule 23 class action based on a violation of New York Labor Law took place in the Eastern District of Texas. Therefore, this factor strongly favors the plaintiffs, and against transfer.

### v. The relative means of DuPont, an international corporation, far exceed that of the plaintiffs, who are overtime eligible employees seeking to recover for miscalculated overtime wages.

The plaintiffs in this case are current and former overtime eligible workers employed by DuPont. Indeed, the plaintiffs' reason for bringing this action is the fact that DuPont has systematically underpaid them by unlawfully miscalculating overtime wages. There can be no question that compared to an international company like DuPont, plaintiffs' relative means strongly favors maintaining the action in this forum. It would impose a much more significant burden on the plaintiffs, who spent years working for lower wages than those required by law due to DuPont's disregard for the law, to require them to travel to the Eastern District of Texas, either for depositions, mediation, or trial.

On the other hand, litigating in this forum is clearly less burdensome on the plaintiffs, and moreover, will not prejudice or inconvenience defendant ***in any way***. Defendant is a company with 46,000 employees and total assets worth $39.964 billion. *See* McGillivary Decl., ¶ 14, DuPont 2016 Form 10-K at p. 21. It is accustomed to litigating claims, typically product liability, intellectual property, commercial, environmental, or antitrust lawsuits, that include everything from state law class actions to complex national multi-district litigations. *See id*. at pp. F-32 – F-34. Defendant cannot claim in good faith that its ability to litigate this case would be prejudiced in any way by maintaining the case in this forum. Therefore, this factor strongly favors the plaintiffs, and against transfer.

### III.     Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny defendant's motion to transfer.

September 1, 2017                              Respectfully submitted,

/s/ Gregory K. McGillivary
Gregory K. McGillivary
Diana J. Nobile
William Li
WOODLEY & McGILLIVARY LLP
1101 Vermont Avenue, N.W., Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
gkm@wmlaborlaw.com
djn@wmlaborlaw.com
wwl@wmlaborlaw.com

/s/ Charles P. Yezbak
Charles P. Yezbak
Yezbak Law Offices
2002 Richard Jones Rd. Suite B-200
Nashville, Tennessee 37215
phone: 615-250-2000
yezbak@yezbaklaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on September 1, 2017, a copy of the foregoing notice and exhibits were served on the following counsel of record via the Court's electronic filing system.

> Vincent E. Polsinelli
> Jackson Lewis P.C.
> 677 Broadway, 9th Floor
> Albany, NY 12207
> T: 518-512-8700 / F: 518-242-7730
> Email: vincent.polsinelli@jacksonlewis.com
>
> Eric R. Magnus
> Jackson Lewis LLP
> 1155 Peachtree Street, Suite 1000
> Atlanta, GA 30309-3600
> (404) 525-8200
> Email: magnuse@jacksonlewis.com

/s/   Gregory K. McGillivary
Gregory K. McGillivary